UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLIE GUY WILSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 2:19-CV-489-RSL

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

This matter comes before the Court on petitioner Leslie Guy Wilson's motion under 28 U.S.C. § 2255. Dkt. #1.

## **BACKGROUND**

**A. Conviction and Supervised Release Violations**

On February 10, 1992, petitioner pleaded guilty to one count of murder in the second degree, in violation of 18 U.S.C. §§ 1151, 1153, 1111, one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1151, 1153, and use of a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c). Ex. C, Dkt. #5-3 at 2–3. This pertained to the murder of R.J.H. and J.A.H. on September 22, 1991. Ex. A, Dkt. #5-1 at 2–3. J.A.H. had also been sexually assaulted. Id. at 4. According to the complaint, officers found a man's red shirt next to her body and discovered the presence of what appeared to be semen on the floor. Id. Petitioner's brother, Walter, brought petitioner to the Neah Bay Police Department later that night. Id. "[H]e had heard about the shootings, and he knew that [petitioner] had access to a .22

ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 - 1

caliber semi-automatic pistol. [He] was fearful that [petitioner] had been involved in the shootings." Id. at 4–5. Petitioner was intoxicated. He was arrested. Id. at 5. According to his brother, petitioner had stolen a 0.22 caliber semi-automatic pistol from Kenneth McKenney three weeks ago, and had also expressed anger toward R.J.H. in the same period. Id. The next morning, on September 23, 1991, Special Agent Gahan advised petitioner of his Miranda rights and petitioner waived them. Id.; see Miranda v. Arizona, 348 U.S. 436 (1966). He was shirtless. Id. He admitted that he had been at the residence of R.J.H. and J.A.H. the night before, and that he had a .22 caliber semi-automatic pistol with him. Id. at 6. He stated that the red shirt that was recovered belonged to him. Id. Pursuant to a search warrant for the person of petitioner, a blue light was reflected on his groin area. The light revealed the presence of semen. Id. Another search warrant was obtained for petitioner's residence. A .22 caliber semi-automatic pistol was recovered near the residence in some weeds. It had been fired. Id. McKenney identified the gun and stated that petitioner had taken it from him. Id. at 7.

Cecelia Rainwater also made a complaint that petitioner approached her in the evening on September 22, 1991 as she was walking by his residence, pointed a gun at her, and demanded drugs. Id. Rainwater said that she didn't have any, and petitioner walked away, facing east. R.J.H. and J.A.H.'s residence was located one half-mile east of petitioner's residence. This occurred approximately one hour before their bodies were discovered. Id. Finally, a preliminary examination of J.A.H. had revealed the presence of foreign hairs in her pubic region. Id. In an FBI report dated October 31, 1991, this hair was found to be "consistent with having originated from [petitioner]." Ex. B, Dkt. #5-2 at 7. The examiner also pointed out that "hair comparisons [did] not constitute a basis for absolute personal identification." Id.

Petitioner was sentenced to 228 months on September 16, 1992. He was released from custody on September 19, 2008. Several subsequent violations have since been the subject of proceedings before this Court. Most recently, while petitioner was imprisoned, the Bureau of Prisons designated that petitioner complete the last few weeks of his term of imprisonment at the Pioneer Fellowship House residential reentry center. Dkt. #5 at 4. Petitioner arrived on January

ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 - 2

3, 2013 and escaped on January 10, 2013. Id. In a separate case, he was charged with escape under 18 U.S.C. § 751(a) and sentenced to 60 months. United States v. Leslie Guy Wilson, No. 2:13-cr-00024-RSL-001 (W.D. Wash, October 25, 2013). He was then taken into custody by King County on allegations that he had sexually assaulted his adopted granddaughter. Dkt. #5 at 4. The case remains pending retrial. See State v. Wilson, No. 13-1-01376-9 (King County Sup. Ct.). Petitioner is still subject to supervised release and is therefore in "custody" for the purposes of § 2255. United States v. Reves, 774 F.3d 562, 565 (9th Cir. 2014).

In the meantime, the Department of Justice ("the Department") undertook a review of hair comparison reports prepared by the FBI prior to December 31, 1999. Dkt. #5 at 5. The Department has looked for instances where "examiners have overstated their conclusions relative to accepted scientific standards." Id. In this case, they determined that the examiner's comment that the foreign hair removed from J.A.H.'s body was "consistent with having originated from" petitioner exceeded the limits of science. The Department notified petitioner of the review and stated that it would "waive reliance upon the statute of limitations as to any section 2255 petition based on the erroneous statement in the forensic report." Id.

**B. Petition under 28 U.S.C. § 2255**

Petitioner filed his § 2255 motion on April 2, 2019. Dkt. #1. He has also filed several additional "statements." See Dkts. #6, #8, #12, #14, #15. Petitioner requests relief on four grounds. His first ground is "wrongful statements used in discovery by supervisory special agent." Dkt. #1 at 4. Petitioner alleges that the FBI "laboratory examiners exceeded the limits of science by overstating the conclusions that may appropriately be drawn from a positive association between evidentiary hair and a known hair sample." Id. He claims that the United States has waived reliance on the statute of limitations under 28 U.S.C. § 2255(f) and any defenses regarding procedural defaults "to permit the resolution of legal claims arising from the erroneous presentation of microscopic hair examination laboratory reports or testimony." Id.; see Dkt. #6 at 1. His second ground concerns an "illegal recorded interview that did not show up in discovery." Id. at 5. He states that he was interviewed on the Makah Indian Reservation by

police officers and a United States Attorney. They told him that they had identified his fingerprints at the crime scene and found a red shirt belonging to him. Petitioner claims that he kept asking for his attorney, and the United States Attorney told him that he was "like [petitioner's] attorney." Id. Petitioner also asserts that he was brought to jail in a pair of swimming shorts, although "in the discovery it said the [red] shirt was on [his] person and so was a pair of Levi jeans with some short[s]." Finally, he claims that his blood tests were lost. Id. He states that he did not raise this issue on appeal or post-conviction proceedings because the government lost his five blood tests and his defense counsel would not file the paperwork. Id. at 6; see Dkt. #6 at 1–3.

His third ground concerns his violations on probation. Id. at 7. He states that the residential reentry center insisted that he needed to register as a sex offender even though the Sex Offender Registry indicated that he was not required to do so. Id. He walked out of the halfway house as a result. He states that he was told by his attorneys that none of his paperwork before the Court would mention any sex offenses. Id. He claims that he raised this issue on another § 2255 motion. Id. see Dkt. #6 at 3. Fourth, he states that two witnesses were forced to make statements by the government. Id. at 8; see Ex. D, Dkt. #5-4. He also mentions that he chose not to read his statement regarding his acceptance of responsibility at his plea hearing. Id. He claims that he informed his defense counsel of these issues, but they were not pursued. Id. at 9. Finally, he mentions being arrested on July 12, 2012. No warrant was presented, and the arresting officer could not find it in his email. Id. He states that he has raised this ground in another § 2255 motion. Id. at 10. He requests that the case be removed from his record, and that he be allowed to change his name. Id. at 12.

## **DISCUSSION**

### A. Legal Standard

Generally, a § 2255 motion must be filed within one year from the date on which a judgment becomes final. 28 U.S.C. § 2255(f)(1). However, the motion may be filed up to one

ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 - 4

year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

The Ninth Circuit "[has] not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although [it] [has] assumed that such a claim is viable." Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014) (citing Osborne v. Dist. Attorney's Office for the Third Judicial Dist., 521 F.3d 1118, 1130 (9th Cir.2008), rev'd on other grounds, 557 U.S. 52 (2009)). "The standard for establishing a freestanding claim of actual innocence is extraordinarily high and the showing for a successful claim would have to be truly persuasive." Id. (internal citation, quotation marks and alterations omitted). At a minimum, a petitioner must "go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." Id. (quoting Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997)).

### B. Results of Forensic Examination

The Department clarified that the examiner's comment that the foreign hair removed from J.A.H.'s body was "consistent with having originated from" petitioner exceeded the limits of science. Dkt. #5 at 5; see Dkt. #14 at 4. To the extent petitioner is claiming relief on this ground, see Dkt. #1 at 6, he is clearly not entitled to it. This was hardly the only piece of evidence tying petitioner to the crime. Ex. A, Dkt. #5-1; see Jones, 763 F.3d at 1246. Moreover, the examiner explicitly stated in the report that "hair comparisons do not constitute a basis for absolute personal identification." Id. at 7. The Court therefore need not reach the question of whether a freestanding actual innocence claim is cognizable in a 2255 petition.

### C. Petitioner's Remaining Grounds

The remainder of petitioner's arguments concerning the witness statements, see Dkt. #1 at 8, the identification of his red shirt, see id. at 5; Dkt. #14 at 3–5, the gun and McKenney, see generally Dkt. #15; see Dkt. #12 at 5, Rainwater's complaint to law enforcement, see Dkt. #14 at 4, his statements to police officers, see Dkt. #12 at 4, and his identification as a sex offender,

ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 - 5

see Dkt. #1 at 7, Dkt. #6 at 3, are time-barred. 28 U.S.C. § 2255(f). The government only waived its statute of limitations defense as to the erroneous statement in the forensic report. Petitioner also appears to argue that there were irregularities in the dates, data collection and observations of the FBI report. See generally Dkts. #6; #8; see Dkt. #12 at 3; Dkt. #14 at 1–2, 4. Again, the government only waived its statute of limitations defense as to the single statement, not the manner in which the investigation was conducted. These arguments, too, are time-barred. 28 U.S.C. § 2255(f).

The Court further finds that no evidentiary hearing is required, because the record conclusively shows that petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Nor has petitioner made a "substantial showing of the denial of a constitutional right" that would entitle him to a certificate of appealability. Id. § 2253(c)(2).

## CONCLUSION

For all the foregoing reasons, petitioner's motion is DENIED.

DATED this 17th day of June, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge